**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVER ARCH CAPITAL PARTNERS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ROMPSEN US MORTGAGE LP a/k/a TIG ROMPSEN US MORTGAGE LP, and ROMPSEN US MORTGAGE GP INC.,<br><br>*Defendants*. | Civil Action No. 22-2756<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case arises out of the alleged breach of a loan assignment agreement. Plaintiff Silver Arch Capital Partners, LLC ("SACP") sues Rompsen US Mortgage LP ("Rompsen") and its general partner, Rompsen US Mortgage GP Inc. ("Rompsen GP") for alleged breach of contract and breach of the implied covenant of good faith and fair dealing. Currently pending before the Court is Rompsen GP's motion to dismiss.[1]  D.E. 21. The Court reviewed the parties' submissions[2] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, the motion is **DENIED**.

---

[1] The motion was initially brought on behalf of both Rompsen GP and Rompsen Investment Corporation. Rompsen Investment Corporation was thereafter voluntarily dismissed by Plaintiff. D.E. 22; D.E. 24. Defendant Rompsen US Mortgage LP is not a party to the motion and has answered the Complaint. As such, the motion is only considered as to Rompsen GP.

[2] The submissions consist of Rompsen GP's motion to dismiss, D.E. 21 ("Br."); Plaintiff's opposition, D.E. 23 ("Opp."); and Rompsen GP's reply, D.E. 26 ("Reply").

I.   **FACTUAL BACKGROUND**[3]

"SACP is a private lender in the commercial real estate market." D.E. 1 ("Compl.") ¶ 9. SACP agreed to loan South Christopher Columbus Capital 1499, LLC ("SCCC") $15,000,000 (the "Loan"). *Id.* ¶¶ 11-13. Thereafter, "SACP and Rompsen entered into a loan assignment agreement [the "Loan Assignment Agreement"] . . . whereby SACP assigned to Rompsen all of SACP's rights, title and interest in" the Loan. *Id.* ¶ 14; *see* D.E. 1-1. SACP and Rompsen also entered into a separate "Memorandum of Understanding," which provides that

> [t]he parties have agreed that the interest payments to be paid under the Loan at the rate of 10% per annum shall be shared so that Rompsen shall be paid the equivalent of 9.5% per annum and shall pay to [SACP] the equivalent of .5% per annum, provided that such payment by Rompsen shall be made at the earlier of the time that a) the Loan matures, whether by its intended term or by acceleration upon default, b) the Loan is repaid in full, or c) the Loan is sold. Such payment shall be made by Rompsen at such time to the extent Rompsen has received the interest payments.

D.E. 1-2 ¶ 2; Compl. ¶¶ 15-18. The Memorandum of Understanding and Loan Assignment Agreement were both signed by SACP and "Rompsen US Mortgage LP, by its general partner Rompsen US Mortgage GP Inc." D.E. 1-1; D.E. 1-2.

Plaintiff alleges, upon information and belief, that the "Loan was repaid to Rompsen in or about February or March 2022." Compl. ¶ 22. Plaintiff claims that, pursuant to the Memorandum of Understanding, this repayment obligated Rompsen "to deliver to SACP interest payments equal to one half percent (0.5%) of the annual interest paid by SCCC on the Loan[.]" *Id.* ¶ 23. Plaintiff alleges that this interest payment (the "Interest Payment") "totals in excess of $323,958.00." *Id.* ¶

---

[3] The factual background is taken from Plaintiff's Complaint, D.E. 1, and the exhibits attached thereto, which are explicitly relied on and integral to Plaintiff's claims. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (explaining that when deciding a motion to dismiss under Rule 12(b)(6), a court may rely on "a document *integral to or explicitly relied* upon in the complaint" (emphasis in original) (citation omitted)).

2

24. After it "provided instructions to Rompsen for delivery of the Interest Payment," Plaintiff claims that "Rompsen refused to deliver the Interest Payment to SACP, claiming that SACP had 'cancelled' Rompsen's obligation to make the Interest Payment." *Id.* ¶¶ 25-26. Plaintiff alleges that "[a]t no time did SACP cancel or otherwise waive its right to receive the Interest Payment." *Id.* ¶ 27. Plaintiff continues that the Loan Assignment Agreement provides that it can only be changed in a writing signed by the party against which enforcement is sought, and that no such writing exists. *Id.* ¶¶ 28-30. Plaintiff also alleges that "[a]t all times, Rompsen GP controlled decisions by Rompsen, including the refusal to deliver the Interest Payment to SACP." *Id.* ¶ 31.

Plaintiff brought this action claiming that the conduct noted above constitutes breach of contract and breach of the covenant of good faith and fair dealing. The present motion followed, in which Rompsen GP argues that it cannot be liable for breach of contract when only Rompsen and SACP, and not Rompsen GP, were parties to the Loan Assignment Agreement and Memorandum of Understanding. *See* Br. at 3-6.

## II. STANDARD OF REVIEW

Rompsen GP moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a

result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). If, after viewing the allegations in the complaint in the manner most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010). "[T]he defendant bears the burden of showing that the plaintiff has not stated a claim." *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 299 n.4 (3d Cir. 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

### III. ANALYSIS

Rompsen GP argues that it is not a party to the Loan Assignment Agreement or the Memorandum of Understanding and thus cannot be liable for a breach of contract or breach of the implied covenant of good faith and fair dealing. Br. at 3-6. Plaintiff responds that under New Jersey law, a general partner can be held liable for the obligations of the limited partnership. Opp. at 5-6.

To state a breach of contract claim under New Jersey law, a plaintiff must allege that "the parties entered into a contract, containing certain terms; plaintiffs performed what was required under the contract; defendant did not fulfill its obligation under the contract; and defendant's

breach caused a loss to plaintiffs." *Pollack v. Quick Quality Rests., Inc.*, 452 N.J. Super. 174, 188 (App. Div. 2017) (citing *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016)). In general, "[a]n action on a contract cannot be maintained against a person who is not a party to it." *Borrello v. Elizabeth Bd. of Educ.*, No. A-3151-14T4, 2016 WL 4366862, at *5 (App. Div. Aug. 16, 2016) (citation and internal quotation marks omitted). Here, the party to the contract, Rompsen, is a limited partnership organized under Delaware law, and Rompsen GP is its general partner. Compl. ¶¶ 2, 6. SACP relies on New Jersey law, which states that "a general partner of a limited partnership has the liabilities of a partner in a partnership." N.J.S.A. 42:2A-32b. Pursuant to New Jersey's Partnership Act, "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." N.J.S.A. 42:1A-18a. Delaware law is identical on this point, and Rompsen GP is organized in Delaware. *See* 6 Del. C. § 17-403(b) ("[A] general partner of a limited partnership has the liabilities of a partner in a partnership[.]"); 6 Del. C. 15-306(a) ("[A]ll partners are liable jointly and severally for all obligations of the partnership[.]").

Rompsen GP cites to various cases that do not arise in the partnership context for the proposition that non-parties to a contract are generally not liable for breach of that contract. Br. at 4; Reply at 2-3. But Rompsen GP has not established that this general principle protects a general partner from suit regarding a contract entered by the limited partnership. And, as noted, both the Delaware and New Jersey partnership statutes state that "all partners are liable jointly and severally for *all obligations* of the partnership unless otherwise agreed by the claimant or provided by law." 6 Del. C. § 15-306(a) (emphasis added); N.J.S.A. 42:1A-18a (emphasis added). This provision applies to general partners of a limited partnership, who by statute have "the liabilities of a partner in a partnership." 6 Del. C. § 17-403(b); N.J.S.A. 42:2A-32b. As such, it appears Defendant is

5

incorrect, and that general partners, such as Rompsen GP, can be sued and held liable for their limited partnership's breach of contract. *See Seventy-Three Land, Inc. v. Maxlar Partners*, 637 A.2d 202, 204 (App. Div. 1994) (holding, under a prior version of the partnership statute, that "[p]artners are liable for partnership contract debts, but their assets are not at risk until it is shown that the partnership cannot discharger the debt" and that "[t]he single controversy doctrine *requires* that a creditor who intends to look to partners for payment of a partnership contract debt initially sue not only the partnership *but also the partners*" (emphasis added)); *see also Pharm. Sales & Consulting Corp v. J.W.S. Delavau Co.*, 59 F. Supp. 2d 408, 416 (D.N.J. 1999) (holding, under a prior version of the partnership statute, that a counterclaim for breach of contract against individual partners based on the conduct of a purported partnership would not be dismissed because the counterclaim plaintiff had "presented the Court with a legal theory which . . . could serve as a basis for imposing personal liability upon [the individuals] as partners in [the entity]"); *Twin Crest Grp. v. Del. Valley Urology, LLC*, No. 10-6350, 2013 WL 6508242, at *5, 12 (D.N.J. 2013) (denying a motion for summary judgment on a breach of contract counterclaim against individual partners because the "third-party defendants . . . can be held jointly liable as general partners" of the contracting entity). At the very least, Rompsen GP, which bears the burden of establishing that Plaintiff has not stated a claim, has provided no authority to the contrary. Thus, its motion is denied on this ground.[4]

---

[4] Rompsen GP also points to 6 Del. C. § 17-403(d), which they state sets forth "limitations against a judgment creditor's ability to execute against a general partner's assets to satisfy a claim against a limited partnership." Reply at 3. A substantively identical provision exists under New Jersey law. *See* N.J.S.A. 42:1A-19d. These provisions do not aid Rompsen GP's position because they demonstrate that a plaintiff may, under certain circumstances, obtain a judgment against the general partner "based on a claim against the limited partnership." 6 Del. C. § 17-403(d).

Finally, Rompsen GP claims that "the Complaint is devoid of any allegations directed toward Rompsen GP[.]" Br. at 5. The Complaint alleges that "Rompsen GP, the general partner of Rompsen, manages and controls Rompsen" and that "[a]t all times, Rompsen GP controlled decisions by Rompsen, including the refusal to deliver the Interest Payment to SACP." Compl. ¶¶ 6, 31. Rompsen GP does not argue that Plaintiff has failed to state a claim for breach of contract or breach of the implied covenant of good faith and fair dealing against Rompsen; thus, the Court assumes for purposes of deciding this motion that Plaintiff has stated a claim for relief against Rompsen. By extension, the allegation that Rompsen GP is the general partner of Rompsen, the entity that allegedly breached the relevant contracts, is sufficient at this stage to state a plausible claim for relief against Rompsen GP, which, by statute, is liable for "*all obligations of the partnership*." *See* 6 Del. C. § 15-306(a) (emphasis added); N.J.S.A. 42:1A-18a (emphasis added). Thus, the motion is denied.

## IV.   CONCLUSION

For the reasons stated herein, Defendant Rompsen GP's motion to dismiss, D.E. 21, is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: December 22, 2022

_____
John Michael Vazquez, U.S.D.J.